PHILLIP A. TALBERT
Acting United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**

Oct 27, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO CHRISTOPHER TABAREZ,<br><br>Defendant. | CASE NO. 2:21-cr-0211 TLN<br><br>VIOLATIONS:<br><br>21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine, Heroin, and Cocaine; 21 U.S.C. § 853(a) – Criminal Forfeiture |

I N F O R M A T I O N

The United States Attorney charges: T H A T

ARMANDO CHRISTOPHER TABAREZ,

defendant herein, on or about June 1, 2019, in Sacramento County, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 50 grams of methamphetamine (actual), a Schedule II Controlled Substance, at least one kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and at least five kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

/ / /

/ / /

/ / /

**FORFEITURE ALLEGATION**: [21 U.S.C. § 853(a) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in this Information, defendant ARMANDO CHRISTOPHER TABAREZ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

    a. All right, title, and interest in any and all property involved in the violation of Title 21, United States Code, Section 841(a)(1), for which defendant is convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

    b. A sum of money equal to the total amount of proceeds obtained as a result of the offense, or conspiracy to commit such offense, for which defendant is convicted.

2. If any property subject to forfeiture, as a result of the offense alleged in this Information, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

Dated: October 27, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ David Spencer
DAVID W. SPENCER
Assistant United States Attorney

**United States v. Tabarez**
**Penalties for Information**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Methamphetamine, Heroin, and Cocaine |
| PENALTIES: | Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 853(a) – Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |